# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 3:17cr10 |
| --- | --- | --- |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| | : | |
| AL T. HUGHES, | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court for disposition is Defendant Al T. Hughes' motion for a Kastigar hearing and to dismiss the indictment or to suppress evidence derived in violation of his Fifth Amendment rights. The motion has been fully briefed and is ripe for disposition.[1]

**Background**

Defendant Hughes is a funeral home director with an interest in four funeral homes. (Doc. 33, Superseding Indictment ¶ 3). The government alleges that defendant diverted hundreds of customer checks to his own personal benefit even though they had been intended for funeral home services. (Id. ¶ 4). According to the government, he diverted approximately $1.25 million in this manner and did not include the money as personal income when he filed his tax

---

[1] Defendant filed the motion and an incorporated brief on April 9, 2018. (Doc. 43). The government filed a timely opposition brief on April 15, 2018. (Doc. 44). The defendant did not file a reply brief and the time for such filing is past.

returns.  (Id. ¶ 6). The grand jury indicted the defendant on January 17, 2017 and charged him with evasion of taxes in violation of 26 U.S.C. § 7201.  The indictment alleges the filing of false and fraudulent tax returns in May 2012, November 2012, September 2013, October 2014 and October 2015.  (Doc. 1, Indictment).

On January 30, 2018, the grand jury issued a superseding indictment charging the defendant with five additional counts.  Counts six through ten allege the crime of "subscribing to a false tax return" in violation of 26 U.S.C. § 7206(1). (Doc. 33).  These charges relate to the same tax returns involved in the original indictment.[2]

Prior to the events giving rise to the instant criminal charges, Defendant Hughes testified in a 2011 trial concerning corruption in Lackawanna County government.  He testified as to being a means of transmission of cash between a third party involved in business with the county and Lackawanna County Commissioner Robert Cordaro.

---

[2] Defendant contends that the additional counts found in the superseding indictment constitute a retaliatory filing in response to his fling of a motion to dismiss the original indictment.  Further, he states that the newer counts relate to the first five counts in the indictment and could have and should have been brought under the original indictment and should therefore be dismissed.  (Doc. 43, Def.'s Brief at 2).  Defendant has provided no authority for this position, and we will deny the request.

Before he testified, defendant and the government entered into a "cooperation and testimony" or "immunity" agreement. This agreement provided that if defendant provided information on alleged official corruption in Lackawanna County, then the government would not use the information to prosecute the defendant. Defendant testified on June 8, 2011. Subsequently, in 2017, the government filed tax evasion charges against defendant based on the tax years of 2010-2015.

**Discussion**

Defendant moves for dismissal of the charges against him on the basis that the charges violate the immunity agreement from the Cordaro case. He also moves for a Kastigar hearing and the suppression of evidence derived in violation of his immunity from prosecution. The government's position is that the motion to dismiss should be denied and that request for a Kastigar hearing be denied. The government has two arguments: 1) Kastigar hearings do not apply to the type of immunity that the defendant was granted and 2) Factually, it is impossible for the government to have used statements made by the defendant improperly. After a careful review, we agree with the government with regard to both arguments, and we will discuss them in turn.

**1. Kastigar hearing**

As noted above, this case involves immunity from prosecution. Immunity issues generally arise when the government seeks to have a witness testify in court or before a grand jury and that witness refuses to testify based upon the Fifth Amendment right against self-incrimination. The government may compel testimony in such circumstances by granting immunity to the witness under 18 U.S.C. § 6002. See Kastigar v. United States, 406 U.S. 441 (1972). This type of immunity is known as formal or statutory immunity .

If the witness is later prosecuted by the government and claims that the prosecution is based on his immunized testimony, then he may request a Kastigar hearing. At a Kastigar hearing the government must prove that its case is based solely on evidence other than the statements the defendant was compelled to make and the "fruits" of those statements. Kastigar, 406 U.S. at 460.

Statutory or formal immunity is not the only type of immunity. See, e.g., United States v. Skalsky, 857 F.2d 172, 175-76 (3d Cir. 1988) (explaining different types of immunity). The government may also provide immunity through an agreement between the prosecution and a witness. Id.; United States v. Plummer, 941 F.2d 799, 802 (9th Cir. 1991). This type of immunity is called "informal immunity". Id.

4

Here, defendant seeks a Kastigar hearing. To establish the necessity of holding a Kastigar hearing, the defendant must demonstrate that he testified under a statutory grant of immunity and that his testimony concerned the conduct for which he was indicted. Plummer, 941 F.2d at 802.

Defendant has not established the necessity of holding a Kastigar hearing. He did not testify in the Cordaro case under a grant of statutory immunity. Instead, he testified under "informal immunity," the terms of which were presented in an agreement between himself and the government. (See Doc. 43, Ex. "A", Immunity/Cooperation Agreement). Because the defendant testified pursuant to an informal immunity agreement and was not compelled to testify under statutory immunity, a Kastigar hearing is not appropriate. The defendant's request for a Kastigar hearing will thus be denied.

**2. Factual Analysis of Immunity Agreement**

The procedures and requirements of statutory immunity do not apply when the government and defendant enter into an immunity agreement. Instead, issues of immunity are determined based upon ordinary contract law. Id. at 802.

The immunity agreement in this case provides as follows:

> We further agree that information provided by [Hughes] to the United States Attorney's office or to government agents will not be used against [Hughes] in any federal prosecution conducted by this office relating to the matters described above in the Middle District of Pennsylvania, nor will the government make any

5

> derivative use of the information provided by [Hughes] pursuant to this agreement in a prosecution for these offenses. No other matters or activities in which [Hughes] has been involved or about which [Hughes] may have knowledge are the subject of this agreement.

(Doc. 43, Ex. "A", Immunity/Cooperation Agreement).

The agreement describes the "covered matter" as "an investigation involving alleged official corruption in Lackawanna County and elsewhere." Id. The record indicates that the government did not violate this agreement in bringing the instant criminal charges.

Pursuant to the immunity agreement, the defendant testified at the trial of Robert Cordaro on June 8, 2011. (Doc. 25-2, Notes of Testimony June 8, 2011). The gist of his testimony was that between 2005 until early 2008, he had acted as a conduit of cash between a third party in business with Lackawanna County and Robert Cordaro, who at the time was a Lackawanna County Commissioner. (Id.) The jury found Cordaro guilty on June 21, 2011. (Dckt. No. 3:10cr75, Doc. 132).

The grand jury handed down the indictment in the present case approximately six (6) and a half years later on January 17, 2017. (Doc. 1). The government argues that in the present prosecution, it is not using information gathered in the prior investigation and subject to the immunity agreement. We find the government's argument convincing.

The immunity agreement applied to allegations of official corruption in Lackawanna County.  The charges that defendant now faces do not involve official corruption in Lackawanna County.  The agreement applies to "[n]o other matters or activities in which [Defendant Hughes] has been involved or about which [Defendant Hughes] may have knowledge[.]"  (Doc. 43, Ex. "A", immunity/cooperation agreement).   Thus, the charges in the instant case, tax evasion and subscribing to a false tax return, are beyond the scope of the agreement.

Moreover, the parties entered into the immunity agreement in 2011, and the defendant testified in Cordaro's case on June 8, 2011.   The instant case involves actions that defendant took filing his taxes for the 2010 – 2014 tax years.  The first tax return at issue (for tax year 2010) was filed in May 2012. (Doc. 33, Superseding Indictment, Ct. 1).  Defendant's testimony in the Cordaro case occurred more than a year before this date.  Defendant could not have testified about this crime at the Cordaro trial in 2011.  In other words, the government could not have learned in 2011 about actions defendant made in 2012.  The actions regarding the other tax years are even further removed from the defendant's testimony in the Cordaro matter.  (See generally Doc. 33, Superseding Indictment).

Accordingly, we find a review of the facts indicate that the government has not violated the terms of the immunity agreement. The tax charges which the government now brings against the defendant are beyond the scope of the agreement. The defendant's motion will be denied.

**Conclusion**

We find that the defendant's motion should be denied because the grant of immunity in his case is not "statutory immunity" which could give rise to the need for a Kastigar hearing. Moreover, it appears that the government has not violated the immunity agreement. Factually, the information provided by the defendant pursuant to the immunity agreement could not have led to the charges because he is charged for actions that occurred after he provided testimony in the Codaro case. The charges also do not appear to relate to the charges in the Cordaro case for which defendant was granted immunity. The motion to dismiss, to suppress and for a Kastigar hearing will thus be denied. An appropriate order follows.

**Date: June 7, 2018**                                          **BY THE COURT:**

                                                                **s/ James M. Munley**
                                                                **JUDGE JAMES M. MUNLEY**
                                                                **United States District Court**

8